UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                Case No. 17-53108

JAMES M. HOFFMAN, and                                     Chapter 7
COURTNEY E. HOFFMAN,
                                                                           Judge Thomas J. Tucker
            Debtors.
_____/

**ORDER DENYING THE DEBTORS' SECOND MOTION
TO EXTEND THE TIME TO FILE A REAFFIRMATION AGREEMENT**

This case is before the Court on the Debtors' motion entitled "Debtors' Second Ex-Parte Motion to Extend the Time to File a Reaffirmation Agreement," filed on January 22, 2018 (Docket # 28, the "Motion"). The Motion seeks a second extension of time for the Debtors to file a reaffirmation agreement between the Debtors and Caliber Home Loans. The Court must deny the Motion, for the reasons stated below.

The Debtors filed their joint voluntary petition for relief under Chapter 7 in this case on September 19, 2017. On December 19, 2017, the Debtors filed an ex-parte motion to extend the deadline to file a reaffirmation agreement (Docket # 24), and the Court entered an Order which, in relevant part, extended "the deadline to file any reaffirmation agreement . . . until and including **January 18, 2018**," and delayed the entry of "any discharge in this case until at least January 19, 2018" (Docket # 25).

No reaffirmation agreement, and no further motion for extension of time, was filed by the extended January 18, 2018 deadline. On January 22, 2018, the Court entered an order granting the Debtors a discharge under 11 U.S.C. § 727 (Docket # 28). Several hours later on that same day, the Debtors filed the Motion.

The Court must deny the Motion, for the following reasons. First, the Motion is untimely, because it was filed after the extended deadline of January 18, 2018 had passed. Second, the Motion is untimely, because it was filed after a discharge was already entered (on January 22, 2018). And third, no enforceable reaffirmation agreement can be made after the entry of the discharge on January 22, 2018.

The deadline to file a reaffirmation agreement is established by Fed. R. Bankr. P. 4008(a) — the deadline is "no later than 60 days after the date first set for the meeting of creditors under § 341(a) of the Code." In this case, the original deadline was December 27, 2017.[1] Rule 4008(a) also provides that the Court may extend this deadline. But Fed. R. Bankr. P. 4004(c)(1)(J) contemplates that such a motion to extend can only be granted if the discharge has not yet been granted. *See* Fed. R. Bankr. P. 4008 advisory committee notes to 2008 Amendments ("Rule 4004(c)(1)(J) accommodates . . . an extension [of time for filing a reaffirmation agreement] by providing for a delay in the entry of discharge during the pendency of a motion to extend the time for filing a reaffirmation agreement."). In this case, the Court extended the original deadline to file a reaffirmation agreement from December 27, 2017 until January 18, 2018.

Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." *See In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein.

In this case, the Motion, which seeks a second extension of time to file a reaffirmation

---

[1] The date that was 60 days after the date first set for the § 341(a) meeting of creditors, *see* Fed. R. Bankr. P. 4004(a), was Monday, December 25, 2017. The deadline was further delayed until Tuesday, December 26, 2016 under Fed. R. Bankr. P. 9006(a)(1)(C), and then delayed again until Wednesday, December 27, 2017 under Fed. R. Bankr. P. 9006(a)(3).

agreement, was filed after the discharge was entered, so the Court has no authority to grant it. In addition, the Motion indicates that no reaffirmation agreement between the Debtors and Caliber Home Loans was made before the Debtors were granted a discharge on January 22, 2018. As a result, there can be no enforceable reaffirmation agreement between these parties. Therefore, no purpose would be served by granting the Motion, even if the Court otherwise had the authority to do so.

For these reasons,

IT IS ORDERED that the Motion (Docket # 28) is denied.

**Signed on January 23, 2018**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

3

17-53108-tjt    Doc 29    Filed 01/23/18    Entered 01/23/18 12:59:31    Page 3 of 3