UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 17-53108

JAMES M. HOFFMAN, and                                     Chapter 7
COURTNEY E. HOFFMAN,
                                                          Judge Thomas J. Tucker
        Debtors.
_____/

**OPINION AND ORDER DENYING THE DEBTORS' MOTION TO SET ASIDE DISCHARGE AND EXTEND THE TIME TO FILE A REAFFIRMATION AGREEMENT, ETC.**

This case is before the Court on the Debtors' motion entitled "Debtors' Motion to Set Aside Discharge and Extend the Time to File a Reaffirmation Agreement Between Debtor James Hoffman and Caliber Home Loans or Allow Filing of a Reaffirmation Agreement Post-Discharge" (Docket # 31, the "Motion"), which this Court construes as a motion for reconsideration of, and for relief from, (1) the Court's January 23, 2018 Order denying the Debtors' second motion to extend the time to file a reaffirmation agreement between the Debtor James Hoffman and Caliber Home Loans (Docket # 29, the "January 23 Order"), and (2) the discharge order entered on January 22, 2018 (Docket # 27, the "Discharge Order").

The Court has reviewed and considered the Motion, and finds the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

In addition, the Court notes the following. First, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from either the Discharge Order or the January 23 Order.

Second, vacating the Discharge Order, as the Motion seeks, would serve no useful purpose. Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." The facts stated in Paragraph 11 of the Motion show that the Debtor James Hoffman and Caliber Home Loans did not make a reaffirmation agreement before the Discharge Order was entered on January 22, 2018.[1] And the Court must reject the Debtors' argument in Paragraph 13 of the Motion that "[t]he parties' conduct makes it clear that a [reaffirmation] agreement was reached prior to discharge." A reaffirmation agreement cannot be made by "conduct." Rather, it must be in writing and signed by both the creditor and the debtor before it can be deemed to be made. *See In re Jenerette*, 558 B.R. 189, 190-91 (Bankr. E.D. Mich. 2016). The Motion indicates that neither the Debtor James Hoffman nor Caliber Home Loans signed any reaffirmation agreement before the Debtors were granted a discharge under § 727. The Motion therefore fails to demonstrate that there can be an enforceable reaffirmation agreement between these parties in this case.

An order setting aside the discharge, as the Debtors' Motion seeks, would not cure this problem. The historical fact is that the discharge was granted on January 22, 2018, and vacating the discharge would not change that historical fact and its impact under § 524(c)(1). *See In re Vozza*, 569 B.R. 686, 687 (Bankr. E.D. Mich. 2017); *In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein.

Third, as the Court explained in the January 23 Order:

The deadline to file a reaffirmation agreement is established by

---

[1] Paragraph 11 of the Motion states: "On 1/22/2018, Debtors' attorney spoke with [Creditor's] counsel at Orlans, P.C. and was informed they were waiting on final approval from Caliber before sending the reaffirmation agreement to Debtors' counsel[.]" (Mot. at ¶ 11.)

> Fed. R. Bankr. P. 4008(a) — the deadline is "no later than 60 days after the date first set for the meeting of creditors under § 341(a) of the Code." In this case, the original deadline was December 27, 2017. Rule 4008(a) also provides that the Court may extend this deadline. But Fed. R. Bankr. P. 4004(c)(1)(J) contemplates that such a motion to extend can only be granted if the discharge has not yet been granted. *See* Fed. R. Bankr. P. 4008 advisory committee notes to 2008 Amendments ("Rule 4004(c)(1)(J) accommodates . . . an extension [of time for filing a reaffirmation agreement] by providing for a delay in the entry of discharge during the pendency of a motion to extend the time for filing a reaffirmation agreement."). In this case, the Court extended the original deadline to file a reaffirmation agreement from December 27, 2017 until January 18, 2018.
>
> . . . .
>
> [The Debtors' motion which sought] a second extension of time to file a reaffirmation agreement, was filed after the discharge was entered, so the Court has no authority to grant it.

(Jan. 23 Order (Docket # 29) at 1-2 (footnote omitted).)

For these reasons, the Court must deny the Motion.

Accordingly,

IT IS ORDERED that the Motion (Docket # 31), is denied.

**Signed on January 29, 2018**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**

3